# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| FRANK PARKER<br><br>Plaintiffs,<br><br>vs.<br><br>UTAH OFFICE OF THE GUARDIAN AD LITEM, BRENT NEWTON and DAVID L. JOHNSON,<br><br>Defendants. | **REPORT AND RECOMMENDATION**<br><br>Case No. 2:14-cv-36 CW<br><br>Judge Clark Waddoups<br><br>Magistrate Judge Brooke Wells |

Plaintiff Frank Parker, who is acting *pro se*, filed a civil rights complaint against the Third District Juvenile Court, Child Probation, the Guardian Ad Litem's Office, the Utah Division of Child and Family Services and Salt Lake Observation and Assessment. Because this court lacks subject matter jurisdiction over Mr. Parker's claims under the *Rooker-Feldman* doctrine and is barred from exercising jurisdiction over a case in which there may be ongoing state proceedings pursuant to *Younger v. Harris*,[1] the court recommends Mr. Parker's complaint be dismissed. Additionally, the Eleventh Amendment would bar suit against any Defendants who were acting in their official capacities. Thus this case should be dismissed.

Pursuant to 28 U.S.C. § 1915, the court granted Plaintiff's motion to proceed in forma pauperis without the payment of fees.[2] The provisions of § 1915 provide that the court "shall dismiss the case at any time if the court determines that – (B) the action or appeal – (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant

---
[1] 401 U.S. 37 (1971).
[2] Docket no. 2.

1

who is immune from such relief."[3]  The court concludes that Mr. Parker's Complaint fails to state a claim upon which relief may be granted and it seeks relief against defendants who are immune from suit.

Because Mr. Parker is appearing pro se, the court construes his pleadings liberally.[4]  Mr. Parker alleges violations of 42 U.S.C. § 1983 and 42 U.S.C. § 1985.  In addition, Plaintiff asserts jurisdiction is properly before this Court due to a neglect to prevent interference with his civil rights (42 U.S.C. § 1986), violation of 18 U.S.C. § 241 (conspiracy against rights), and 18 U.S.C. § 242 (deprivation of rights under color of law).  According to Mr. Parker, the Defendants in this case sedated one of his children in violation of the law, which led to a "target[ed] bias directe[ed] towards [Mr. Parker]."[5]  Plaintiff seeks a full report from the agency that conducted the assessment on his child[6] and an explanation why he was not told by his child's probation officer when his child, who was listed as a teen run-away, was found.[7]  Finally, Mr. Parker alleges conspiracies between the probation officer, the child's mother and the child who allegedly "eloped with the mother a day after her birthday."[8]

The Court notes that Mr. Parker previously filed a lawsuit against the Utah Guardian Ad Litem office along with a number of other defendants in 2009 (the 09 case).[9]  In the 09 case the Court recommended that Mr. Parker's complaint be dismissed for the same reasons that are

---

[3] 28 U.S.C. 1915(e)(2) (2006).
[4] *See* Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Ledbetter v. City of Topeka, 318 F.3d 1183, 1197 (10th Cir. 2003).
[5] Complaint p. 3, docket no. 3.
[6] *Id.* at 4.
[7] *Id.* at 6.
[8] *Id.* at 8.
[9] *See* case no. 2:09-cv-706 CW.

2

applicable to the instant matter.[10] Ultimately, Mr. Parker's appeal to the Tenth Circuit contesting the dismissal was dismissed as untimely.[11]

Similar to the 09 case, the problems with Mr. Parker's instant Complaint are that the allegations arise from state court proceedings, which have concluded or that are currently ongoing. For example, Mr. Parker complains of a disposition hearing held on October 21st where he spoke with Denise Chandler from the Division of Child and Family Services (DCFS).[12] Plaintiff states that at the conclusion of the hearing he was "flabbergasted" at the order issued by the Court.[13] Mr. Parker also complains about the denial of his petition for emergency custodial enforcement,[14] the problems with "psychotropic medication "being given to his child,[15] and frustration with a no contact order entered by the juvenile court.[16] Such facts, although troublesome to Mr. Parker, do not give rise to jurisdiction in this Court.

Federal courts are courts of limited jurisdiction and they possess only the powers authorized by the Constitution and acts of Congress.[17] One such restriction is the limitation on federal courts to reverse or modify state court judgments.[18] Another is a prohibition against a federal district court hearing an appeal from a judgment rendered by a state court.[19] Both of

---

[10] Report and Recommendation dated October 19, 2009.
[11] Mandate of the Tenth Circuit dated January 8, 2010.
[12] Complaint p. 13.
[13] *Id.*
[14] *Id.* at 15.
[15] *Id.* at 17.
[16] *Id.* at 18.
[17] *See* Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994).
[18] *See* Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923) (finding no federal district court "could entertain a proceeding to reverse or modify" a state court judgment, because "[t]o do so would be an exercise of appellate jurisdiction. The jurisdiction possessed by the District Courts is strictly original.").
[19] *See* Bolden 441 F.3d 1129, 1139 (10th Cir. 2006) ("The *Rooker-Feldman* doctrine prohibits federal suits that amount to appeals of state court judgments.").

these restrictions fall under what is generally called the *Rooker-Feldman* doctrine.[20] This doctrine "precludes federal district courts from effectively exercising appellate jurisdiction over claims 'actually decided by a state court' and claims 'inextricably intertwined' with a prior state-court judgment."[21] "Where a constitutional issue could have been reviewed on direct appeal by the state appellate courts, a litigant may not seek to reverse or modify the state court judgment by bringing a constitutional claim under 42 U.S.C. § 1983."[22]

Here, Plaintiff is basically asking this court to "effectively act as an appellate court in reviewing the juvenile court's disposition [and proceedings]."[23] Under the *Rooker-Feldman* doctrine, however, this court cannot reverse or modify a state court judgment.[24] Plaintiff is also asking this court to provide relief involving claims "'inextricably intertwined' with . . . prior state-court judgment[s]."[25] This court is barred from acting on issues inextricably intertwined with state-court judgments based upon the *Rooker-Feldman* doctrine. Mr. Parker's Complaint must therefore be dismissed.

Additionally, pursuant to *Younger v. Harris*,[26] this court cannot exercise jurisdiction over a case in which there is an ongoing state action. It appears there are elements of Plaintiff's case that are ongoing with the state. For example, the custodial issues surrounding Plaintiff's child.

---

[20] *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).
[21] *Mo's Express, LLC v. .Sopkin*, 441 F.3d 1229, 1237 (10th Cir. 2006) (quoting *Kenmen Engineering v. City of Union*, 314 F.3d 468, 473 10th Cir. 2002)).
[22] *Anderson v. State of Colorado*, 793 F.2d 262, 263 (10th Cir. 1986) (stating federal courts do not have jurisdiction to review any claims of alleged constitutional rights violations under section 1983 that arise during the course of state judicial custody proceedings).
[23] *Warnick v. Briggs*, 2007 WL 3231609 *9-10 (D.Utah Oct. 30 2007).
[24] *See Rooker*, 263 U.S. at 415.
[25] *Mo's Express, LLC v. .Sopkin*, 441 F.3d 1229, 1237 (10th Cir. 2006) (quoting *Kenmen Engineering v. City of Union*, 314 F.3d 468, 473 10th Cir. 2002)).
[26] 401 U.S. 37 (1971).

Under the *Younger* abstention doctrine this court cannot interfere with ongoing state court proceedings.

Finally, state officials sued for damages in their official capacities are not considered "persons" within the meaning of sections 1983 because they assume the identity of the government that employs them.[27] Thus, even if this court construes Plaintiff's Complaint to bring an action against state officials acting in their official capacity under color of law, it would still fail because the Eleventh Amendment would bar suit against these individuals in federal court.[28]

---

[27] *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).
[28] *See Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974).

## RECOMMENDATION

For the forgoing reasons the court RECOMMENDS that this case be DISMISSED. Plaintiff's motions for service of process and appointment of counsel[29] should be DENIED or deemed MOOT.

Copies of this report and recommendation are being mailed to all parties who are hereby notified of their right to object. Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. Any objection must be filed within this deadline. Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 28 January 2014.

_Brooke C. Wells_
Brooke C. Wells
United States Magistrate Judge

---

[29] Docket no. 4.