IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| FRANK PARKER,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>UTAH OFFICE OF THE GUARDIAN AD LITEM, BRENT NEWTON, and DAVID L. JOHNSON,<br><br>　　　　　　　　　　Defendants. | **ORDER ADOPTING REPORT AND RECOMMENDATION**<br><br>Case No. 2:14-cv-00036-CW-BCW<br><br>Judge Clark Waddoups |

　　　　This case was assigned to United States District Court Judge Clark Waddoups, who then referred it to United States Magistrate Judge Brooke C. Wells pursuant to 28 U.S.C. § 636(b)(1)(B). (*See* Dkt. No. 5.) Plaintiff was permitted to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (Dkt. No. 2.) Consistent with Judge Wells' treatment of the case, because Plaintiff is proceeding *pro se*, the court will liberally construe his pleadings and hold them to a "less stringent standard than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citation omitted).

　　　　On January 28, 2014, Judge Wells issued a Report and Recommendation recommending that the court dismiss Plaintiff's Complaint (Dkt. No. 3) because the court lacks jurisdiction to "intervene," as Plaintiff requests (*see* Complaint at 20), in Plaintiff's ongoing state juvenile court proceedings relating to his daughter under the *Rooker-Feldman* doctrine and based on the principle in *Younger v. Harris*, 401 U.S. 37 (1971) that a federal court may not exercise jurisdiction over a case in which there is an ongoing state action. (Report & Recommendation 3-4 [Dkt. No. 6].)

After reviewing the Report and Recommendation and Plaintiff's Objection and Amended Objection (Dkt. Nos. 8 & 9), and upon a *de novo* review of Judge Wells' findings and analysis, the court denies Plaintiff's objections and APPROVES AND ADOPTS Judge Wells' Report and Recommendation (Dkt. No. 6), dismissing the case for lack of jurisdiction. The court notes, in addition, that it does not appear that Plaintiff has exhausted applicable administrative remedies as a prerequisite for bringing suit in federal court, including the Utah Governmental Immunity Act, Utah Code Ann. § 63-G-7-202 (West 2014). As a court of limited jurisdiction, the court thus does not have jurisdiction to hear Plaintiff's case and the case must be DISMISSED and all pending motions TERMINATED as moot. The case is therefore closed.

SO ORDERED this 26th day of September, 2014.

BY THE COURT:

_____
Clark Waddoups
United States District Judge